

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 15 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES GOLDEN, JR., | ) | |
| Petitioner, | ) | Civil Action No. 7:10-cv-00310 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN [1], | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Charles Golden, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of the City of Waynesboro. In his petition, Golden argues that counsel provided ineffective assistance. The court finds that Golden has failed to exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his petition without prejudice.

I.

After pleading guilty in the Circuit Court of Waynesboro City, the court convicted Golden of possessing a Schedule II controlled substance. Golden states that he asked his attorney to file an appeal, but she never did. Golden, himself, filed a belated appeal which was dismissed as untimely. Golden concedes, and state court online records confirm, that he has not pursued a state habeas petition in any state court.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must

---

[1] Golden does not name a respondent to his petition. However, pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Accordingly, the court will substitute the Warden of Rockingham-Harrisonburg Regional Jail, where Golden is currently confined, as the respondent to this petition. The Clerk is **DIRECTED** to make the substitution on the docket.

dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear from the face of his petition that Golden has yet to pursue his claims in the Supreme Court of Virginia. Accordingly, the court finds that Golden's petition is unexhausted.

### III.

Based on the foregoing, the court dismisses Golden's instant habeas petition, without prejudice, as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 15TH day of July, 2010.

United States District Judge